UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BEN SMITH,

                Plaintiff,

    -against-

DEBORAH PARSONS; ANN PARSONS;
NATIONAL RENT A CAR,

               Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

09-CV-2921(BMC)

**COGAN**, District Judge:

On June 29, 2009, plaintiff Ben Smith, filed this *pro se* action invoking the Court's federal question and diversity jurisdiction. By Memorandum and Order dated July 22, 2009 ("July Order"), I granted plaintiff's request to proceed *in forma pauperis*, dismissed the complaint in part and directed plaintiff to replead his claim based on diversity jurisdiction. On August 24, 2009, plaintiff filed an Amended Complaint ("Amend. Compl").

## Background

The Amended Complaint consists of the same allegations as in the original complaint; namely that on July 4, 2006, "Defendant Deborah Parsons in [a] National Rent A Car vehicle rammed into Plaintiff Ben Smith knocking the steering column into his head and neck," causing him to sustain physical injuries, and "several thousand dollars damages to his vehicle . . . ." Amend. Compl. at ¶ 5; see also Compl. at ¶ 3. Plaintiff further alleges that "[t]he police came, made an accident report and at the insistence and interferences from Parsons, Ann Parsons, John Doe and Jane Doe and their other acquaintances prevented and refused to let Smith seek, call or

obtain emergency help or assistance for his injuries." Amend. Compl. at ¶ 10; see also Compl. at ¶ 3. These events allegedly occurred in South Carolina, however, defendants reside in New York and plaintiff resides in Connecticut.

## Standard of Review

In reviewing the Amended Complaint, the Court is mindful that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). However, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint, or any portion thereof, if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999).

## Discussion

As set forth in the Court's July Order, the subject matter jurisdiction of the federal courts is limited and is set forth in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (quoting Bell v.

Hood, 327 U.S. 678, 681-685 (1946)). Here, plaintiff again invokes the Court's federal question and diversity jurisdiction. Amend. Compl. at ¶¶ 11, 13.

Plaintiff alleges that defendants violated his civil rights, see Amend. Compl. at ¶ 11, and also conspired "to deprive him of emergency medical help and treatment." Amend. Compl. at ¶ 13. As set forth in the July Order, plaintiff failed to state a conspiracy claim. To the extent plaintiff alleges that defendants violated his civil rights, such a claim must also fail. In order to state a claim of civil rights violations, plaintiff must meet the elements set forth under 42 U.S.C. § 1983. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (also known as the "state action" requirement of § 1983). This requirement excludes from the reach of § 1983 "'merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotation omitted). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell, 13 F.3d at 547 (citation omitted). Here, plaintiff does not allege that any defendants are state actors or acted pursuant to state "statute, ordinance, regulation, [or] custom." 42 U.S.C. § 1983. As defendants are private individuals, there is no civil rights claim that can be maintained against them and such claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). See Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002).

Plaintiff also invokes the Court's diversity jurisdiction as he resides in Connecticut and defendants reside in New York. However, "[a] party invoking the jurisdiction of the federal

3

court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (quotation omitted). "This burden is hardly onerous, however, for we recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." Scherer v. Equitable Life Assurance Soc'y, 347 F.3d 394, 397 (2d Cir. 2003) (quotation omitted).

In light of plaintiff's *pro se* status, the Court directed plaintiff to provide any facts to show "to a reasonable probability" that the amount in controversy is in excess of the statutory jurisdictional amount of $75,000. Id. Although plaintiff alleges he sustained various physical injuries and damage to his car consisting of "several thousand dollars," Amend. Compl. at ¶ 5, these allegations do not provide support for his conclusory statement that "the amount in controversy well exceeds $75,000.00." Id. Even after granting plaintiff leave to amend, his allegations are insufficient to confer diversity jurisdiction over this matter.

## Conclusion

Accordingly, the Amended Complaint, filed *in forma pauperis*, is dismissed in its entirety. The conspiracy and civil rights violations are dismissed for failure to state a claim as set forth herein and in the Court's July Order. The diversity claim is dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). Any state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied

for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
September 22, 2009